10-345-ag
Nathaniel v. Holder

BIA
Weisel, IJ
A035 400 809

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of May, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

MAXIMIN PATRICK NATHANIAL, A.K.A. "MAXIM PATRICK"
> *Petitioner,*

v.                                          10-345-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL
> *Respondent.*

_____

FOR PETITIONER:        H. Raymond Fasano, Madeo & Fasano, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Anthony W. Norwood, Senior

**Litigation Counsel; Hillel R. Smith, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maximin Patrick Nathaniel, a native and citizen of Trinidad, seeks review of a December 31, 2009, decision of the BIA reversing the February 12, 2007, decision of Immigration Judge ("IJ") Robert D. Weisel granting Nathaniel a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act ("INA"). *In re Maximin Patrick Nathaniel*, No. A035 400 809 (B.I.A. Dec. 31, 2009), *rev'g* No. A035 400 809 (Immig. Ct. N.Y. City Feb. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Nathaniel is challenging the denial of discretionary relief and because his final order of removal was based on a criminal conviction covered by Immigration and Nationality Act § 212(a)(2)(A)(i)(II) (relating to a violation of a law relating to a controlled substance), our jurisdiction is limited to review of constitutional claims and questions of law raised in petitions for review. *See* 8 U.S.C. § 1252(a)(2)(B)-(D). Because Nathaniel argues that the BIA violated its own regulations by engaging in impermissible fact-finding, we have jurisdiction to review his claim. *See Padmore v. Holder*, 609 F.3d 62, 66-69 (2d Cir. 2010) (holding that whether the BIA impermissibly made factual findings is a reviewable question of law).

However, Nathaniel's argument that the BIA violated 8 C.F.R. § 1003.1(d)(3)(iv) by engaging in fact-finding is unavailing. Section 1003.1(d)(3)(iv) provides, in relevant part, that "[e]xcept for taking administrative notice of commonly known facts such as current events or the contents of official documents, the [BIA] will not engage in factfinding in the courts of deciding appeals . . . . If further factfinding is needed in a particular case, the [BIA] may remand the proceeding to the IJ . . . ." The

3

regulation was intended to restrict the introduction of new evidence before the BIA, "not the reevaluation of evidence obtained by the IJ previously." *Belortaja v. Gonzales*, 484 F.3d 619, 625 (2d Cir. 2007); *see also Padmore*, 609 F.3d at 68 (finding that the BIA exceeded its authority when "the BIA decided to reverse the IJ . . . based on disputed material facts with respect to which the IJ reached no resolution.").

Here, the BIA did not find any new facts, but rather observed that the IJ had not treated one of Nathaniel's alleged children as a qualifying relative because Nathaniel's name was not listed on her birth certificate, and noted that the IJ had found that Nathaniel's older son had testified that he often travels to Trinidad and that the record did not suggest that Nathaniel's daughter could not do the same. Accordingly, because the BIA did not make new factual determinations of disputed factual questions or rely on facts outside of the record, the BIA did not engage in factfinding in violation of 8 C.F.R. § 1003.1(d)(3)(iv). *See Padmore*, 609 F.3d at 69. Thus, Nathaniel's claim that the BIA erred as a matter of law fails, and we are without jurisdiction to further review the BIA's determination that

4

he did not establish "extreme hardship." *See Bugayong v. INS*, 442 F.3d 67, 73 (2d Cir. 2006) ("[A] finding of either 'extreme hardship' or 'exceptional and unusual hardship' is itself a discretionary determination that we have no jurisdiction to review.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5