Alfalahi v. Holder

BIA
Van Wyke, IJ
A093 124 505

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand eleven.

PRESENT:
> RALPH K. WINTER,
> REENA RAGGI,
> SUSAN L. CARNEY,
>     *Circuit Judges.*

_____

AZIZ HADI AHMED ALFALAHI,
        *Petitioner,*

    v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

10-2818-ag
NAC

_____

FOR PETITIONER:          Joshua Bardavid, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Aziz Hadi Ahmed Alfalahi, a native and citizen of Yemen, seeks review of a June 18, 2010 decision of the BIA affirming the July 23, 2008 decision of immigration judge ("IJ") William Van Wyke, pretermitting his application for asylum as untimely and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Aziz Hadi Ahmed Alfalahi*, No. A093 124 505 (B.I.A. June 18, 2010), *aff'g* No. A093 124 505 (Immigr. Ct. N.Y.C. July 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's factual findings for substantial evidence, treating those findings as conclusive unless a reasonable adjudicator would be compelled to conclude to the contrary, and review questions of law *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

We identify no error in the agency's determination that Alfalahi failed to establish his eligibility for withholding of removal or CAT relief.[1] The IJ's explicit discussion of the U.S. Department of State reports in the record does not suggest that he ignored other evidence cited by Alfalahi, namely, internet articles noting that relatives of Al-Houthi supporters had been detained. *See Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (noting that agency not required to "expressly parse or refute" each "piece of evidence offered" by petitioner (internal quotation marks omitted)). Indeed, the IJ noted that "somebody associated with the Al-Houthis may indeed run a risk that" others do not, but nonetheless determined that Alfalahi's "tangential relation" to Al-Houthis, who have a predominantly *political* dispute with the Yemeni government, did not demonstrate a clear probability that Alfalahi would be persecuted because of his Shi'a *religion*. *In re Aziz Hadi Ahmed Alfalahi*, No. A093 124 505 (Immigr. Ct. N.Y.C. July 23, 2008). This determination was supported by substantial evidence, including the State Department reports.

---

[1] Alfalahi does not here challenge the agency's pretermission of his asylum claim.

Moreover, the BIA did not engage in impermissible fact-finding in determining that the articles Alfalahi cited were not materially different from the State Department reports that the IJ explicitly considered.  *See* 8 C.F.R. § 1003.1(d)(3)(i)-(ii) (stating that BIA reviews IJ's fact finding under "clearly erroneous" standard but "may review questions of law, discretion, and judgment and all other issues . . . de novo"); *see also Padmore v. Holder*, 609 F.3d 62, 69 (2d Cir. 2010) (providing that BIA may consider all record evidence, but "must remand to the IJ" if it "concludes that findings should be made" regarding truth of matters asserted in evidence).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4