10-2706-ag
Latifaj v. Holder
BIA
Bukszpan IJ
A089 252 372

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of May, two thousand twelve.

PRESENT:
   José A. Cabranes,
   Debra Ann Livingston,
   Gerard E. Lynch,
      *Circuit Judges.*

_____

MUSTAF LATIFAJ,
      *Petitioner,*

      v.                                    10-2706-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Joshua Bardavid, New York, N.Y.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Blair T. O'Connor,
                     Assistant Director; Remi Adalemo,
                     Attorney, Office of Immigration
                     Litigation, United States Department
                     of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mustaf Latifaj, a native of the former Yugoslavia and a citizen of Serbia, seeks review of a June 29, 2010, order of the BIA vacating the June 19, 2008, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which granted Latifaj's application for asylum. *In re Mustaf Latifaj,* No. A089 252 372 (B.I.A. June 29, 2010), *rev'g* No. A089 252 372 (Immig. Ct. N.Y. City June 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F. 3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We address only Latifaj's challenge to the BIA's decision regarding whether he has a well-founded fear of persecution. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

The BIA must review the factual findings of the IJ for clear error, *see* 8 C.F.R. § 1003.1(d)(3)(i), rejecting a

2

factual finding only if it "is left with the definite and firm conviction that a mistake has been committed." *Matter of R-S-H-*, 23 I. & N. Dec. 629, 637 (BIA 2003) (*quoting United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The BIA reviews the IJ's findings regarding whether any harm an asylum applicant may suffer rises to the level of persecution and whether an applicant's fear of persecution is objectively reasonable *de novo*. *See* 8 C.F.R § 1003.1(d)(3)(ii); *Hui Lin Huang v. Holder*, No. 10-1263-ag, 2012 WL 10033506 *1, *4 (2d Cir. Mar. 27, 2012); *Mirzoyan v. Gonzales*, 457 F.3d 217, 220 (2d Cir. 2006) ("The IJ determined, however, that . . . the facts did not meet the legal definition of persecution in the INA. This is a mixed question of law and fact, which we review *de novo*.").

After summarizing Latifaj's testimony and concluding that he was credible, the IJ made the following findings: (1) conditions in Kosovo were "unsettled"; (2) the organization which threatened Latifaj was on the U.S. State Department terrorist list and could not be controlled by the government; and (3) there was at least a ten percent chance that Latifaj "would have problems if he were to return to Kosovo." Based on those findings, the IJ reached the legal conclusion that Latifaj had a well-founded fear of future persecution on account of political opinion.

The BIA did not explicitly address the IJ's statement that there was a reasonable possibility that Latifaj "would have problems," but instead explained that Latifaj "failed to establish that a reasonable person in his circumstances would fear persecution upon return to Serbia based on any ground protected under the Act . . . [because he] did not establish that he would be targeted for persecution by the [terrorist organization]." The BIA did not make any new findings of fact, as its statement that it was unclear who was making the telephone calls to Latifaj's family and what the threats in those calls entailed was a summary of Latifaj's own testimony. *See Belortaja v. Gonzales*, 484 F.3d 619, 625 (2d Cir. 2007) (8 C.F.R. § 1003.1(d)(3)(iv) was intended to restrict the introduction of new evidence before the BIA, "not the reevaluation of evidence obtained by the IJ previously"). *Cf. Padmore v. Holder*, 609 F.3d 62, 68 (2d Cir. 2010) (concluding that the BIA exceeded its authority when "the BIA decided to reverse the IJ . . . based on disputed material facts with respect to which the IJ reached no resolution"). *See also Lin Zhong v. U.S. Dept. of Justice*, 480 F.3d 104, 117 (2d Cir. 2007); *Matadin v. Mukasey*, 546 F.3d 85 (2d Cir. 2008) ("Questions of law,

4

including what quantum of evidence will suffice to discharge an applicant's burden of proof, are reviewed *de novo*.").

Moreover, as Latifaj failed to establish that the telephone calls his family continued to receive after he left Serbia were from the AKSH, or that the calls were threatening, the agency did not err in finding that his fear of persecution was not objectively reasonable. *See Jian Xing Huang v. INS*, 421 F. 3d 125, 129 (2d Cir. 2005) (concluding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").  Additionally, it was not improper for the agency to find that the objective reasonableness of Latifaj's fear of future persecution was diminished because his family remained in Serbia unharmed. *See Melgar de Torres v. Reno*, 191 F. 3d 307, 313 (2d Cir. 1999) (concluding that where an asylum applicant's family continued to live in petitioner's native country, his claim of a well-founded fear was diminished).

Accordingly, because the BIA did not make independent fact findings or find any facts contrary to those found by the IJ, and explained why the evidence was insufficient to demonstrate an objectively reasonable well-founded fear, it did not err in denying Latifaj's application for asylum.

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Petitioner's request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk