Liu v. Holder

BIA
Nelson, IJ
A089 009 167

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
      *Circuit Judges.*

_____

PING LIU,
      *Petitioner,*

      v.                                    12-2428
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Jie Han, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant
                     Attorney General; Russell J.E.
                     Verby, Senior Litigation Counsel;
                     John D. Williams, Trial Attorney,
                     Office of Immigration Litigation,
                     United States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ping Liu, a native and citizen of China, seeks review of a May 17, 2012, order of the BIA, affirming an August 5, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ping Liu*, No. A089 009 167 (B.I.A. May 17, 2012), *aff'g* No. A089 009 167 (Immig. Ct. N.Y. City Aug. 5, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications like this one, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under these standards, the agency's adverse credibility determination is supported by substantial evidence.

In finding Liu not credible, the IJ reasonably relied on the inconsistency between (a) Liu's testimony that she had informed a gynecologist she visited in the United States that she had a past abortion and (b) the absence of this information from that doctor's medical records. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Although the doctor testified that she did not remember whether Liu had told her about a past abortion, she also testified that she would have certainly written this information in Liu's file if Liu had told her. The agency was not compelled to accept Liu's argument that this omission was irrelevant because she was only seeing the doctor to have her intrauterine device

2

removed.  The doctor's testimony indicated that it was relevant enough to Liu's medical history to have been noted in writing if Liu had mentioned it.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need not credit an applicant's explanations for inconsistencies in the record unless those explanations would compel a reasonable fact-finder to do so).

Additionally, the agency found that Liu's claim that she fled persecution in China was further undermined by the fact that after Liu's alleged forced abortion, she made a trip to Thailand for pleasure, did not seek status there, and voluntarily returned to China before procuring a visa to the United States.  Liu fails to challenge this determination in any meaningful way.  *See Kone v. Holder*, 596 F.3d 141, 150 (2d Cir. 2010) (finding that while voluntary return trips on their own are an insufficient basis for an adverse credibility finding, they "may be relevant to credibility in the exercise of an IJ's informed discretion"); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (issues not sufficiently argued in briefing are considered waived on appeal).

The BIA's additional findings regarding Liu's corroboration of her claim, including the BIA's discussion of Liu's medical certificate from China indicating a past abortion and the evidentiary value of her husband's letter, constitute impermissible appellate fact-finding because the IJ did not make findings regarding this evidence.  *See* 8 C.F.R. § 1003.1(d)(3)(iv); *Padmore v. Holder*, 609 F.3d 62, 67-68 (2d Cir. 2010).  We need not remand to correct these errors, however, because the agency's adverse credibility finding constitutes a sufficient basis for the agency's denial of Liu's applications for relief given that the identified inconsistencies related to whether the sole incident of persecution (the alleged abortion) had occurred and because Liu's credibility was further called into question by her return to China after she had gone to Thailand.  *See Xiu Xia Lin*, 534 F.3d at 167 (holding that this Court "defer[s] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling"); *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir. 2005) (holding that an error does

not require remand if "notwithstanding identified errors, there is no realistic possibility of a different result on remand"); *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4