Yangzom v. Holder

BIA
Rohan, IJ
A093 341 794

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> RALPH K. WINTER,
> REENA RAGGI,
> *Circuit Judges.*

_____

TSERING YANGZOM, AKA TSERING YANGZOM GURUNG,

> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

12-730
NAC

_____

FOR PETITIONER:       Jason A. Nielson, New York, New York.

FOR RESPONDENT:       Stuart F. Delery, Assistant Attorney General; Ernesto H. Molina, Jr., Senior Litigation Counsel; Jeffery R. Leist, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tsering Yangzom seeks review of a January 30, 2012, order of the BIA, affirming a May 18, 2010, decision of Immigration Judge ("IJ") Patricia A. Rohan, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tsering Yangzom*, No. A093 341 794 (B.I.A. Jan. 30, 2012), *aff'g* No. A093 341 794 (Immig. Ct. N.Y. City May 18, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications like this one, governed by the REAL ID Act of 2005, the agency

may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *accord Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under these standards, the agency's adverse credibility determination is supported by substantial evidence.

In finding Yangzom not credible, the agency reasonably relied on inconsistencies between her asylum application and her testimony regarding whether one or both of her parents were arrested at her home in 1995, whether her parents were deceased, whether she attended one or numerous pro-Tibetan protests in Nepal, and whether she was married at the time of a protest she attended in March 2000. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Although Yangzom attempted to explain some of these inconsistencies by claiming miscommunication with the person who prepared her asylum application, the IJ was not required to credit this explanation, as it would not necessarily be compelling to a reasonable factfinder. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding

3

that an agency need not credit an applicant's explanations for inconsistencies in the record unless those explanations would compel a reasonable factfinder to do so).  As the IJ noted, Yangzom's explanation that the person who prepared her asylum application might have misunderstood her because he spoke Tibetan and not Nepali was not convincing given that she identified Tibetan as her best language and requested a Tibetan interpreter for her hearing.  Additionally, while Yangzom argues that the IJ should have construed her marriage certificate, which listed only her father as deceased, in a manner consistent with her written statements that both parents were deceased and her testimony that she is unaware of what happened to them, the IJ acknowledged and reasonably rejected her preferred interpretations.  Yangzom does not demonstrate that a reasonable factfinder would be compelled to find otherwise.  *See Majidi,* 430 F.3d at 80.

In sum, while these inconsistencies might not require a finding that Yangzom did not testify credibly, the record does not compel a contrary finding.  *See* 8 U.S.C. § 1252(b)(4)(B). Thus, we must defer to the agency's conclusion.  *See id.*  In light of the agency's permissible adverse credibility finding, it did not err in denying Yangzom's applications for relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue*

4

*Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006).

Finally, we note that the BIA's alternative finding that Yangzom failed to establish that her asylum application was timely filed constituted impermissible appellate factfinding. *See* 8 C.F.R § 1003.1(d)(3)(iv); *Padmore v. Holder*, 609 F.3d 62, 67 (2d Cir. 2010). However, remand would be futile as the agency's adverse credibility determination is supported by substantial evidence and is dispositive of Yangzom's claims. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401-02 (2d Cir. 2005) (holding remand not required "where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5