15-1068-ag
Lauria v. Sessions

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand seventeen.

PRESENT:  REENA RAGGI,
               RAYMOND J. LOHIER, JR.,
               CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

------------------------------------------------------------------------

SALVATORE LAURIA,
                    *Petitioner*,

              v.                                No. 15-1068-ag

JEFF SESSIONS, UNITED STATES ATTORNEY GENERAL,*
                    *Respondent.*

------------------------------------------------------------------------

APPEARING FOR PETITIONER:      THOMAS E. MOSELEY, Law Offices of Thomas E. Moseley, Newark, New Jersey.

APPEARING FOR RESPONDENT:    SONG E. PARK, Senior Litigation Counsel (Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director, *on the brief*), Office of Immigration

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

1

Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the agency for further proceedings.

Petitioner Salvatore Lauria, a native and citizen of Italy, seeks review of a March 30, 2015 decision of the BIA affirming an August 28, 2013 decision of an Immigration Judge ("IJ") denying Lauria's application for relief under the Convention Against Torture ("CAT"). *In re Salvatore Lauria*, No. A030 990 439 (B.I.A. Mar. 30, 2015), *aff'g* No. A030-990-439 (Immig. Ct. N.Y.C. Aug. 28, 2013). A lawful permanent resident, Lauria was deemed an applicant for admission pursuant to 8 U.S.C. § 1101(a)(13)(C)(v) upon his return in 2007 from a trip abroad based on a 2004 conviction for violating the Racketeer Influenced and Corrupt Organizations ("RICO") statute. He argues that § 1101(a)(13)(C)(v), a provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), was applied to him in an impermissibly retroactive manner because IIRIRA became effective on April 1, 1997, and his RICO crime was *committed* prior to that date. The BIA rejected this argument, reading *Vartelas v. Holder*, 566 U.S. 257 (2012), to approve the application of § 1101(a)(13)(C)(v) to Lauria because his RICO *conviction* occurred after the statute's effective date. In its brief and more emphatically at oral argument, respondent argued that this court did not need to decide whether *Vartelas* required that an alien have

2

committed as well as been convicted of a crime identified in 8 U.S.C. § 1182(a)(2) after IIRIRA's effective date to avoid retroactivity because Lauria's money-laundering predicate act had continued after the statute's effective date. That question, however, cannot be decided on the present record. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to grant the petition, vacate the BIA's judgment, and remand to the agency.

Under the circumstances of this case, we review both the IJ and BIA opinions, *see Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008). Although we generally lack jurisdiction to review a final order of removal against an alien who is removable by reason of having committed a criminal offense identified in 8 U.S.C. § 1182(a)(2), we retain jurisdiction to review questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D).

Lauria has raised a question of law as to whether the BIA engaged in improper fact-finding regarding the commission of his crime. He contends that his racketeering offenses were "committed no later than 1996, when [he] ceased involvement" with the company through which he had engaged in the predicate acts of securities fraud. Pet'r's Br. 16. The record offers some support for this claim insofar as Lauria, in a March 1, 2013 hearing before the IJ, testified that he had committed the predicate act of money laundering "from '93 to '96." C.A.R. 164. Respondent, nevertheless, relies on the criminal information in the record to which Lauria pleaded guilty to argue that

3

commission of the crime continued through September 1998, the end date of one RICO predicate act of money laundering, *i.e.*, after the effective date of § 1101(a)(13)(C)(v).

The IJ never made a finding as to the date Lauria committed the RICO crime of conviction because Lauria conceded inadmissibility at that point in the removal proceedings. When on appeal, Lauria first argued retroactivity, the BIA stated that Lauria had committed the RICO crime of conviction "between March 1993 and September 1996." C.A.R. 3. Respondent suggests this reflects a scrivener's error and that the crime's concluding date was September 1998. No matter. The existing administrative record, which does not include the record of Lauria's plea allocution or any related plea agreement, does not admit a legal determination as to the concluding date of the RICO crime's commission. To the extent the question required further factual inquiry, any finding had to be made by the IJ. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (prohibiting BIA from engaging in factfinding other than "taking administrative notice of commonly known facts such as current events or the contents of official documents"); *Padmore v. Holder*, 609 F.3d 62, 68 (2d Cir. 2010) (stating that, in conducting independent factfinding, BIA "exceeded its authority," and thus raised reviewable error of law).

Accordingly, without now deciding whether *Vartelas* identifies commission or conviction as the relevant date, but relying on the parties' view that the matter may be decided by reference to commission, we remand for the agency to develop the record as to the date of commission of Lauria's RICO crime of conviction. *See Padmore v. Holder*, 609 F.3d at 70. Such remand is not futile, *see Lianping Li v. Lynch*, 839 F.3d

4

144, 149 (2d Cir. 2016), because the concluding date of the crime is potentially dispositive; if the crime continued after the effective date of § 1101(a)(13)(C)(v) as the government urges, that provision's application to Lauria could not be impermissibly retroactive, even under Lauria's urged reading of *Vartelas v. Holder*, 566 U.S. at 272. We do not here decide how we would construe *Vartelas* if Lauria's RICO crime was committed before the effective date of § 1101(a)(13)(C)(v) and only his conviction post-dated the statute.

In sum, we GRANT the petition, VACATE the BIA's judgment, and REMAND for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court