*James v. Barr*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand nineteen.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges*,

---

DONALD WINSTON JAMES, AKA DONALD JAMES,

> *Petitioner*,

> v.                                                                              No. 17-3863

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*\*

---

**FOR PETITIONER:**                                        Craig Relles, Esq., White Plains, NY.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General William P. Barr is automatically substituted for former Acting Attorney General Matthew G. Whitaker.

FOR RESPONDENT:                                    Anna Juarez, Trial Attorney, Joseph H. Hunt, Assistant Attorney General, Civil Division, Melissa Neiman-Kelting, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED.**

Petitioner Donald Winston James, a native and citizen of Guyana, petitions for review of a BIA decision reversing the decision of an Immigration Judge ("IJ") granting him cancellation of removal pursuant to 8 U.S.C. § 1229b(a). *In re Donald James Winston*, No. A042 679 830 (B.I.A. Oct. 31, 2017), *rev'g* No. A042 679 830 (Immig. Ct. N.Y. City Jan. 23, 2017). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as needed to explain our decision to dismiss the petition.

Because the BIA reversed the IJ's decision, we review the BIA's ruling as the final agency decision. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Our jurisdiction to review the BIA's denial of cancellation of James's removal is limited to "constitutional claims or questions of law" because the BIA denied relief as a matter of discretion and because James was ordered removed for a controlled substance offense. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (C), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38–40 (2d Cir. 2008). To determine whether jurisdiction exists in an individual case, we "study the arguments asserted" in a petition and determine, "regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,' in which case the court could exercise jurisdiction to review those particular issues." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

The BIA reversed the IJ's grant of cancellation of removal because it concluded that James did not merit a favorable exercise of discretion. Permanent residents who apply for cancellation of removal, like James, must satisfy prescribed residency requirements and must not have sustained a conviction for an aggravated felony. 8 U.S.C. § 1229b(a). Additionally, such an applicant must demonstrate that he merits the favorable exercise of the agency's discretion. In exercising its discretion, the agency "balance[s] the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his (or her) behalf to determine whether the granting of . . . relief appears in the best interest of this country." *In re C-V-T-*, 22 I. & N. Dec. 7, 11 (B.I.A. 1998) (quoting *Matter of Marin*, 16 I. & N. Dec. 581, 584–85 (B.I.A. 1978)). Here, the BIA found James statutorily eligible for cancellation of removal, but concluded that the negative factors presented in his case outweighed James's positive equities. It therefore denied cancellation as a matter of discretion.

James argues that, in making this determination, the BIA committed legal error because it impermissibly found facts as a part of its review of the IJ's ruling. The BIA reviews an IJ's factual findings for clear error and reviews de novo "questions of law, discretion, and judgment and all other issues in appeals from [IJ] decisions." 8 C.F.R. § 1003.1(d)(3)(i), (ii). Governing regulations dictate that "[e]xcept for taking administrative notice of commonly known facts such as current events or the contents of official documents, the [BIA] will not engage in factfinding in the course of deciding appeals." *Id.* § 1003.1(d)(3)(iv). When the BIA engages in improper factfinding, it commits an error of law that we have jurisdiction to review. *Padmore v. Holder*, 609 F.3d 62, 67 (2d Cir. 2010). James contends that the BIA improperly determined that he had sustained three criminal convictions—a finding that the IJ did not make. As a result, he argues, the BIA's determination is void.

James's argument is unavailing. First, James's testimony before the IJ reflected that he was arrested for a third time in 2011 or 2012, and yet this arrest was not documented in his criminal history records. James testified that at that time he was arrested for smoking crack

3

cocaine and that a judge in Brooklyn "sentenced" him (in James's words) to complete a six-month residential drug treatment program. A.R. 164–65.

Although the record contains no judgment of conviction, certificate of disposition, or explicit finding by the IJ, the BIA did not engage in impermissible factfinding by identifying as a third conviction a criminal proceeding supported by James's own testimony, in addition to the two convictions fully corroborated by documentary record evidence. *See Belortaja v. Gonzales*, 484 F.3d 619, 624–25 (2d Cir. 2007) (concluding that 8 C.F.R. § 1003.1(d)(3)(iv) does not restrict the BIA's ability to reevaluate evidence previously obtained by the IJ); *Wallace v. Gonzales*, 463 F.3d 135, 141 (2d Cir. 2006) ("Although any reversal by the BIA of an IJ's discretionary determination must involve consideration of the underlying facts, a review of the factual record by the BIA does not convert its discretionary determination as to whether a petitioner warrants [relief] into improper factfinding."). Moreover, in making its discretionary determination, the BIA mentioned the third "conviction" only in passing. It focused instead on two other aspects of the record: first, James's uncontested testimony that he had been using crack cocaine for 8 to 10 years and that he had sold drugs for several years; and second, his 2015 felony crack possession conviction, which triggered his removability.

James also presented persuasive positive equities in support of his application for cancellation of removal, it is true: these included a long period of residence in the United States and significant family ties. But we lack jurisdiction to review the BIA's determination that his criminal history—including both his arrest and convictions—outweighed these factors. *See* 8 U.S.C. § 1252(a)(2)(B)(i). Accordingly, even assuming *arguendo* that the BIA erred in characterizing the crack arrest as a "conviction," we will not remand a case where "the error is so tangential to the ultimate ruling that there is no realistic possibility of a different result on remand." *Xiao Ji Chen*, 471 F.3d at 338 (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court