09-0243-ag
Padmore v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2009

(Argued: February 19, 2010                    Decided: June 15, 2010)

Docket No.09-0243-ag


Andrew Aswald Padmore, also known as Andrew Padmore,

*Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL

*Respondent*.


Before: KEARSE and HALL, *Circuit Judges*, and RAKOFF, *District Judge*.[*]

Petitioner seeks review of an order of the BIA vacating the decision of an Immigration Judge which granted Petitioner's application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a). Because the BIA (1) impermissibly engaged in factfinding and (2) relied on unproven and disputed allegations as a basis for its decision, we VACATE the BIA's decision and REMAND for further proceedings.

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

NITA DOBROSHI, The Law Offices of Spar & Bernstein, P.C., New York, New York, *for Andrew Aswald Padmore*.

MARGARET KUEHNE TAYLOR (Anthony C. Payne, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*), for Tony West, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., *for the United States of America*.

PER CURIAM:

Petitioner Andrew Aswald Padmore, a native and citizen of Guyana and a lawful permanent resident of the United States, seeks review of a December 19, 2008 order of the Board of Immigration Appeals ("BIA" or the "Board"), *In re Andrew Aswald Padmore,* No. A041 760 681 (B.I.A. Dec. 19, 2008), vacating the September 25, 2007 decision of Immigration Judge ("IJ") Alan Vomacka, which granted his application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a),[1] *In re Andrew Aswald Padmore,* No. A41 760 681 (Immig. Ct. N.Y. City Sept. 25, 2007). On this petition, Padmore argues that the BIA (1) impermissibly engaged in appellate fact finding and (2) impermissibly relied on unproven and disputed allegations as a basis for its decision in contravention of its precedent. For the reasons stated below, we agree with both arguments.

---

[1] INA § 240A(a), 8 U.S.C. § 1229b(a), provides as follows:
The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien--

(1) has been an alien lawfully admitted for permanent residence for not less than 5 years,

(2) has resided in the United States continuously for 7 years after having been admitted in any status, and

(3) has not been convicted of any aggravated felony.

# BACKGROUND

We recount only such facts as are necessary to explain our decision. Padmore is a native and citizen of Guyana. He entered the United States in January 1989 as a lawful permanent resident. Since his arrival, Padmore has been arrested on three occasions.

In 1996, he was arrested and charged with selling marijuana to an undercover police officer. At the time of his arrest, according to a sworn statement of an assistant district attorney ("the Affidavit") conveying the statements of an undercover police officer, a police officer recovered marijuana from Mr. Padmore's person and more than two ounces of marijuana from a nearby counter. Padmore pled guilty to criminal possession of marijuana in the fifth degree in violation of New York Penal Law ("NYPL") § 221.10.[2] Regarding this conviction, Padmore testified before the IJ that he was arrested while attempting to "purchase some marijuana for [his] own use" and that he had never sold controlled substances. He explained that the assistant district attorney's statements were based on a mistaken identification.

In 2001, Padmore was arrested and charged with criminal possession of marijuana, more than four ounces of cocaine, drug paraphernalia, and a loaded 45-caliber firearm. In 2002, in satisfaction of these charges he pled guilty to criminal possession of a controlled substance in the fifth degree in violation of NYPL § 220.06(5).[3] Before the IJ, Padmore testified that he had

---

[2] NYPL § 221.10 provides: "[a] person is guilty of criminal possession of marihuana in the fifth degree when he knowingly and unlawfully possesses: (1) marihuana in a public place . . . and such marihuana is burning or open to public view, or (2) one or more preparations, compounds, mixtures, or substances containing marihuana and the preparations, compounds, mixtures or substances are of an aggregate weight of more than twenty-five grams."

[3] NYPL § 220.06 (5) provides: "[a] person is guilty of criminal possession of a controlled substance in the fifth degree when he knowingly and unlawfully possesses . . . cocaine and said cocaine weighs five hundred milligrams or more."

never used cocaine, had not possessed a weapon and was arrested based on a mistaken identification. He explained that at the time of his second arrest he was in another person's house and was not aware of "what was in the guy's house."

Finally, Padmore was arrested in 2007 for violating the conditions of his probation. The arrest was triggered by his visit to the house of the mother of his two eldest children. When Padmore appeared before a state court judge following that arrest, the judge suspected that Padmore was using illegal drugs. Ultimately, these charges were dismissed without prejudice. Padmore testified before the IJ that his behavior in those state court proceedings was attributable to high blood pressure.

In June 2007, the Department of Homeland Security ("DHS") issued Padmore a notice to appear charging that he was removable under section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i),[4] as an alien who after entry has been convicted of a controlled substance offense. The DHS cited Padmore's 1996 NYPL § 221.10 and his 2002 NYPL § 220.06(5) convictions as the bases for his removal.

*The IJ's Decision*

In the proceedings before the IJ, Padmore admitted to all allegations except the 2002 conviction for criminal possession of cocaine in violation of NYPL § 220.06(5). With respect to proof of that conviction, because Padmore refused to admit it, the IJ relied on the conviction document of record, which is a printout from an unidentified database maintained by the New

---

[4] INA § 237(a)(2)(B)(i) provides: "[a]ny alien who at any time after admission has been convicted of a violation of . . . any law . . . of a State . . relating to a controlled substance . . . , other than a single offense involving possession for one's use of 30 grams or less of marijuana, is deportable."

York State Division of Criminal Justice Services. Based on the two convictions, the IJ concluded that Padmore was removable as charged.

Padmore applied for cancellation of removal pursuant to INA § 240A(a), which the IJ granted by decision dated September 25, 2007. The IJ deemed Padmore statutorily eligible for relief and determined that Padmore warranted an affirmative exercise of discretion. Significantly, for purposes of our analysis, the IJ found that Padmore's criminal record consisted of two convictions for the *possession* of a controlled substance, as distinguished from a more serious offense, "such as . . . a crime of violence or a drug trafficking offense . . .." Removal Proceedings Tr. 7 (Immig. Ct. N.Y. City Sept. 25, 2007). With respect to Padmore's 1996 conviction "for possession of a small amount of marijuana," *id*. at 8, the IJ found that "it's not clear that that [criminal conduct] involved possession of 30 grams or more of marijuana." *Id*. at 9. The IJ made no findings with respect to either: (i) the Affidavit's attribution of more than two ounces of marijuana to Padmore at the time of his arrest, or (ii) the allegation, also contained in the Affidavit, that Padmore had sold marijuana to an undercover police officer. With respect to Padmore's 2002 conviction, the IJ found that Padmore had been "convict[ed] for possession of cocaine," stating: "[T]his is a conviction based on possession as opposed to possession with intent to distribute, possession with intent to sell, or a straightforward drug trafficking charge." *Id*. at 8. The IJ made no findings with respect to the arrest report's narrative alleging that Padmore was in possession of a loaded 45-caliber firearm, over four ounces of cocaine and a quantity of marijuana and drug paraphernalia at the time of his arrest. Nor did the IJ make any findings with respect to Padmore's credibility or his denial of the allegations contained in the Affidavit and the 2001 arrest report.

5

*The BIA's Opinion*

The government appealed the IJ's decision granting Padmore cancellation of removal. The DHS argued that: (1) Padmore was statutorily ineligible for cancellation because his convictions prevent him from demonstrating that he has not been convicted of an aggravated felony, *see* INA § 240A(a)(3), 8 U.S.C. § 1229b(a)(3), and (2) the IJ incorrectly exercised his discretion in connection with Padmore's cancellation of removal. By decision dated December 19, 2008, the BIA sustained the DHS's appeal in part and reversed the IJ's decision. The Board found that Padmore was statutorily eligible for cancellation of removal under § 240A(a), but concluded that he "does not merit, as a matter of discretion, a grant of cancellation of removal." Important to our analysis here, the Board cited to the contents of the Affidavit and the 2001 arrest report in support of its decision. Padmore petitions from the Board's decision and order.

## DISCUSSION

Padmore makes two main arguments to this Court on appeal: (1) the BIA impermissibly engaged in appellate fact finding in contravention of controlling regulation and (2) the BIA impermissibly relied on unproven and disputed allegations as a basis for its decision in contravention to its precedent. We consider each argument in turn.

**I.      Jurisdiction and Standard of Review**

In the absence of constitutional or legal issues in dispute, we do not have jurisdiction to review the Board's exercise of discretion to deny cancellation of removal under INA § 240A(a), 8 U.S.C. § 1229b. *See* INA §§ 242(a)(2)(B)(i), (a)(2)(D); 8 U.S.C. §§ 1252(a)(2)(B)(i), (a)(2)(D); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-41 (2d Cir. 2008) (affirming *De La Vega v. Gonzales*, 436 F.3d 141, 146 (2d Cir. 2006)); *id*. at 41-42 n.6 (acknowledging

jurisdiction to consider colorable questions of law, such as whether "the agency applied an erroneous legal standard") (internal quotation marks omitted). Although we lack jurisdiction to review the BIA's discretionary determinations concerning cancellation of removal, 8 U.S.C. § 1252(a)(2)(B)(i), we may review "constitutional claims or questions of law" arising in connection with such determinations, *id*. § 1252(a)(2)(D), including whether the BIA has violated its own rules. *See Shi Jie Ge v. Holder*, 588 F.3d 90, 94 (2d Cir. 2009).

The Board's regulations provide, in pertinent part, that "[e]xcept for taking administrative notice of commonly known facts . . . or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals." 8 C.F.R. § 1003.1(d)(3)(iv). *See also Noble v. Keisler*, 505 F.3d 73, 79 (2d Cir. 2007) (BIA commits reviewable legal error when, in contravention to its own rules, it fails to defer to an IJ's factfinding); *Wallace v. Gonzales*, 463 F.3d 135, 140-41 (2d Cir. 2006) (same); *Fen Yong Chen v. Bureau of Citizenship & Immigration Servs.*, 470 F.3d 509, 514 (2d Cir. 2006) (same when it makes *de novo* credibility determinations). By force of this regulation, "[i]f incomplete findings of fact are entered" by an IJ and the BIA cannot affirm "the Immigration Judge's decision . . . on the basis that he or she decided the case" and if "the dispositive issue is [not] sufficiently clear," BIA has said it will remand to the IJ "for further fact-finding." *In re S-H-*, 23 I. & N. Dec. 462, 465 (B.I.A. 2002). Thus, when the BIA engages in factfinding in contravention of 8 C.F.R. § 1003.1(d)(3)(iv), it commits an error of law, which we have jurisdiction to correct. We review questions pertaining to law and the application of law to fact *de novo*. *See, e.g.*, *Roman v. Mukasey*, 553 F.3d 184, 186 (2d Cir. 2009) (per curiam). We give " 'substantial deference' " to BIA decisions interpreting immigration regulations, *Bah v. Mukasey*, 529 F.3d 99, 110-11

7

(quoting *Delgado v. Mukasey*, 516 F.3d 65, 69 (2d Cir. 2008)), unless an interpretation is "plainly erroneous or inconsistent with the regulation," *id*. (quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997)).

## II. The Basis for the BIA's Opinion

The BIA made findings of fact, *inter alia*, in discussing the "significant negative factors [that] militate against a favorable exercise of discretion in this instance," *BIA Opinion* 3, stating as follows:

> [Padmore] was arrested in April 1996 for the criminal sale of marihuana; as reflected in an affidavit, the respondent was given a sum of money by the [undercover police] officer, and the respondent handed the officer a quantity of marihuana. . . . In May 2001 [Padmore] was arrested for criminal possession of a controlled substance, a narcotic, and for criminal use of drug paraphernalia. At the time of his arrest he had, in his possession, a loaded forty-five caliber firearm, over four ounces of cocaine, and a quantity of marihuana. . . . In 2007 [Padmore] was arrested for a probation violation, unlawful possession of a controlled substance.

*Id*. In its discussion of the "important factor" of "the issue of rehabilitation," the Board found that

> [t]he Immigration Judge, in delineating the respondent's criminal history, ignores the circumstances of his arrests, the first of which occurred following his sale of marihuana to an undercover agent, and the second of which involved both a loaded firearm and more than four ounces of cocaine. Moreover, the Immigration Judge did not even address the question of rehabilitation and the respondent offers explanations for his arrests which are not supported by the record; we do not find that this suggests *affirmative* evidence of proof of genuine rehabilitation.

*Id*. at 4.

*The BIA Impermissibly Made Its Own Factual Findings*

Padmore argues that the BIA decision is infected with impermissible appellate factfinding contrary to 8 C.F.R. § 1003.1(d)(3)(iv) (stating that the BIA "will not engage in

8

factfinding in the course of deciding appeals"). That argument is convincing where, as here, the

BIA has decided to reverse the IJ, *not* on the basis of having found clear error, but instead based

on disputed material facts with respect to which the IJ reached no resolution, *see* 8 C.F.R. §

1003.1(d)(3)(i), and which the BIA analyzed in such a way as to constitute independent

factfinding. *See id.* § 1003.1(d)(3)(iv). In doing so, the BIA exceeded its authority, which by its

own regulations in instances such as these is limited to *de novo* review of questions of law,

discretion, and judgment. *See id.* § 1003.1(d)(3)(ii); *cf. Wallace*, 463 F.3d at 141 ("Although any

reversal by the BIA of an IJ's discretionary determination must involve consideration of the

underlying facts, a review of the factual record by the BIA does not convert its discretionary

determination as to whether a petitioner warrants [discretionary relief] into improper

factfinding.")

"[O]ne under investigation with a view to [removal] is legally entitled to insist upon the

observance of rules promulgated . . . pursuant to law," *Bridges v. Wixon*, 326 U.S. 135, 153

(1945) (internal quotation marks omitted), and, as such, it is an error of law for the BIA to ignore

its own regulations, *see United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954);

*see also Vitarelli v. Seaton*, 359 U.S. 535, 547 (1959) (Frankfurter, J., concurring in part and

dissenting in part) ("This judicially evolved rule of administrative law is now firmly established

and, if I may add, rightly so. He that takes the procedural sword shall perish with that sword.");

*Montilla v. I.N.S.*, 926 F.2d 162, 166-67 (2d Cir. 1991); 8 C.F.R. § 1003.1(d)(1) ("The Board

shall resolve the questions before it . . . consistent with the [INA] and [agency] regulations.").

Here the BIA impermissibly violated its rules by "engag[ing] in factfinding in the course

of deciding [his] appeal[]." *See* 8 C.F.R. §§ 1003.1(d)(3)(iv). First, the BIA found that Padmore

9

had sold marijuana to an undercover police officer. *See BIA Opinion* 3 ("the respondent was given a sum of money by the [undercover police] officer, and the respondent handed the officer a quantity of marihuana"). Second, the BIA found that Padmore had committed the offenses alleged in the 2001 arrest report. *See id.* ("[a]t the time of [Padmore's] arrest he had, in his possession, a loaded forty-five caliber firearm, over four ounces of cocaine, and a quantity of marihuana"). As noted, Padmore disputed both these sets of allegations, and the IJ made no such findings with respect to them. The BIA therefore erred by finding that Padmore had *committed* the crime of selling a controlled substance in 1996 and that Padmore had *committed* the crimes with which he was charged in 2001. Third, the BIA's determination that Padmore had been arrested in 2007 for possession of a controlled substance, *id.*, is not supported by the record. As noted, Padmore was arrested for a probation violation triggered by a visit to the home of the mother of his two eldest children. When he appeared before a state court judge in conjunction with his arrest, the judge suspected that Padmore was using illegal drugs. Padmore testified that his behavior before the state court judge was attributable to high blood pressure; before the IJ he denied having used illegal drugs. The IJ did not find facts with respect to this incident. If the BIA continues to believe that factfinding on these issues is necessary for an appropriate exercise of discretion, it should remand to the IJ for that purpose. 8 C.F.R. § 1003.1(d)(3)(iv).

*The BIA's Decision Contravenes BIA Precedent*

Padmore argues further that the BIA's decision contravenes BIA precedent and thereby violated his constitutional right to due process. Though we need not reach this argument here, we note that the Court is concerned by the BIA's apparent willingness to accept unproven and disputed allegations as true merely because they exist in the record.

10

The Board found that "[t]he Immigration Judge, in delineating the respondent's criminal history, ignores the circumstances of [Padmore's] arrests." *BIA Opinion* 4. We have previously expressed concern, albeit in a different context, regarding the reliance on the particular circumstances of a petitioner's arrest in light of "the daunting practical difficulties associated with scrutinizing the facts underlying a conviction . . . in the removal context." *Dulal-Whiteway v. U.S. Dep't of Homeland Security*, 501 F.3d 116, 132 (2d Cir. 2007), *abrogated on other grounds by Nijhawan v. Holder*, 129 S. Ct. 2294, 2298 (2009) (internal quotation marks omitted). We make this observation to underscore the knottiness inherent in any such inquiry. We do not challenge the Board's authority to review "police reports and complaints, even if containing hearsay and not a part of the formal record of conviction" because such documents "are appropriately admitted for the purposes of considering an application for discretionary relief." *Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 98 (2d Cir. 2007) (citing *In re Grijalva*, 19 I. & N. Dec. 713, 722 (B.I.A. 1988)).

The government argues that, regardless of whether the IJ relied on evidence in the record, the Board may review all record evidence as part of its *de novo* review pursuant to 8 C.F.R. § 1003.1(d)(3)(ii). Whether the BIA may review all evidence in the record, however, is not at issue. While the BIA may *consider* such affidavits and arrest reports, *see In re Grijalva*, 19 I. & N. Dec. at 722, it may not base its decision denying relief upon the assumption that the facts contained in such documents are true. If after considering such documents the BIA concludes that findings should be made as to the truth of the matters asserted in them, it must remand to the IJ for that purpose. To the extent that the BIA made its own findings here, the Board's conclusions were reached in contravention of its precedent. *See In re Catalina Arreguin De*

11

*Rodriguez*, 21 I. & N. Dec. 38, 42 (B.I.A. 1995) ("Just as we will not go behind a record of conviction to determine the guilt or innocence of an alien, so we are hesitant to give substantial weight to an arrest report, absent a conviction or corroborating evidence of the allegations contained therein. Here, the applicant conceded that the arrest took place but admitted to no wrongdoing."). We need not decide on this appeal whether it would violate due process for the IJ to reach the factual conclusions the BIA reached based on the record as it presently exists in this case. However, if the BIA continues to believe this record can support such findings, it should explain how this case is distinguishable from *In re Catalina Arreguin de Rodriguez,* 21 I. & N. Dec. at 42 and *In re Sotelo-Sotelo*, 23 I. & N. Dec. 201, 205 (B.I.A. 2001), or why it is overturning those precedents.

## CONCLUSION

Because Padmore has demonstrated that the BIA improperly found facts which it held to be "significant" and "important" to its decision denying him relief, *BIA Opinion* 3-4, remanding to the agency would not be futile. Remand is therefore required. *See Diallo v. U.S. Dep't of Justice*, 548 F.3d 232, 237 (2d Cir. 2008). If on remand there is a need to develop the factual record further, a task outside the scope of the BIA's authority, *see* 8 C.F.R. §§ 1003.1(d)(3)(i), (iv), we instruct the BIA to send this case to an IJ for further findings of fact. *See Bah*, 529 F.3d at 117; *see also Gui Yin Liu v. I.N.S.*, 508 F.3d 716, 723 (2d Cir. 2007) (per curiam) (remanding to the BIA with instructions to remand to the IJ "if necessary" to further develop factual record).

For the foregoing reasons, the petition for review is GRANTED. The decision of the BIA is VACATED and the case is REMANDED to the BIA for proceedings consistent with this opinion.