CALLAHAN, Circuit Judge,
concurring:
While we all agree that Errera is not entitled to relief, I write to indicate'that, unlike my colleagues, I do not think that our decision in Rodriguez v. Holder, 683 F.3d 1164 (9th Cir.2012) is wrong, or that the Board of Immigration Appeals (“BIA”) lacks the authority to issue a sua sponte remand.
Perhaps 8 C.F.R. § 1003.1(d)(3)(iv) is not a model of clarity. Nonetheless, its provision that, “[i]f further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge, or, as appropriate, to the Service,” certainly admits to the interpretation that the BIA may issue a sua sponte remand. Indeed, Judge Bennett concedes as much.
If the regulation — to the extent that it does not simply give the BIA authority to issue a sua sponte remand — is ambiguous, there are several reasons for holding that it does authorize sua sponte remands. The Department of Homeland Security (“DHS”) has interpreted the regulation as authorizing sua sponte remands. See In re S-H-, 23 I & N. Dec. 462 (BIA 2002). The Second Circuit has held that the BIA may issue a sua sponte remand, Padmore v. Holder, 609 F.3d 62, 70 (2d Cir.2010), and we so implied in Brezilien v. Holder, 569 F.3d 403, 413 (9th Cir.2009).
Furthermore, a contrary position would leave the BIA in an untenable position. All agree that, pursuant to § 1003.1(d)(3), the BIA is prohibited from making findings of fact. Rodriguez, 683 F.3d at 1170 (noting that BIA regulations prohibit the BIA from making findings of fact and citing other circuit court cases in accord). What then is the BIA to do where, as stated in Rodriguez, 683 F.3d at 1170, “the IJ has not made a finding of fact on a disputed matter, and such finding is necessary to resolution of the case?”
Judge Bennett’s solution appears to be that the BIA could sua sponte reopen the proceedings, but that otherwise DHS must promulgate new regulations that more clearly set forth the BIA’s authority to *785 issue a sua sponte remand. He presumes that the BIA’s authority to reopen is clear, but 8 C.F.R. § 1003.2(a) might not survive the type of scrutiny he imposes on § 1003.1.[1] In any event, Judge Bennett apparently would have the BIA render a decision on an inadequate record. Interestingly, should a party seek judicial review from such a decision, he accepts that the Ninth Circuit could direct the BIA to remand for further factfinding, even though the BIA itself could not do so.[2] Thus, interpreting the regulation and case law in the manner suggested by Judge Bennett would hamstring the BIA, tends to undermine the respect due to the BIA as an appellate adjudicative body, and promotes inefficiency. These are all good reasons for not adopting such an interpretation of an ambiguous regulation.
For the reasons set forth in our opinion in Rodriguez, 683 F.3d 1164, set forth in the Second Circuit’s opinion in Padmore, 609 F.3d 62, and foretold in Brezilien, 569 F.3d 403, I would hold that the BIA has the authority to issue sua sponte remands pursuant to 8 C.F.R. § 1003.1(d)(3)(iv), even if I were writing on a blank slate.
Finally, I disagree with Judge Bennett’s suggestion that because the BIA erroneously remanded Errera’s ease, Errera is somehow entitled to the application of law as it existed at the time of the remand, rather than as it existed when his case came back before the BIA or as it now exists. See Judge Bennett’s concurring statement § 2C. I know of no authority for somehow dialing back the passage of time whenever an agency makes a procedural mistake that delays subsequent judicial review, and Judge Bennett offers none.
I join my colleagues in complimenting counsel and particularly the law students who represented Errera on their briefing and argument of this case.

. For example, the first sentence in 8 C.F.R. § 1003.2(a) states that "[t]he Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.” Arguably, this regulation is not applicable because when Errera appealed to the BIA, the BIA had not "rendered a decision.” In other words, the BIA must first make a decision before that decision can be reopened or reconsidered. Furthermore, if the BIA is barred from issuing a sua sponte remand (where no party has requested a remand and the evidence existed at the time of the hearing before the Immigration Judge), it seems questionable whether the BIA would be allowed to expand its authority by arguably misusing another regulation.

. Footnote 5 in Judge Bennett’s concurring statement states: ”[m]y interpretation of 8 C.F.R. § 1003.1(d)(3)(iv) does not limit the power of this court to direct the BIA to remand for further factfinding, if necessary, as this court did in Brezilien, 569 F.3d at 415, and Recinos De Leon [v. Gonzales], 400 F.3d [1185] at 1994 [1194] [9th Cir.2005].”