Baba v. Sessions

BIA
Nelson, IJ
A200 172 505

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand eighteen.

PRESENT:
REENA RAGGI,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
    *Circuit Judges.*
_____

MOHAMED BOUH BABA,
    *Petitioner,*

    v.                                        16-278
                                              NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
    *Respondent.*
_____

FOR PETITIONER:        Michael Z. Goldman, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General, Civil Division;
                       Kohsei Ugumori, Senior Litigation
                       Counsel; Brett F. Kinney, Trial
                       Attorney, Office of Immigration
                       Litigation, United States
                       Department of Justice, Washington,
                       DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Mohamed Bouh Baba, a native and citizen of Mauritania, seeks review of a BIA decision affirming an Immigration Judge's ("IJ") denial of Baba's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Bouh Baba,* No. A200 172 505 (B.I.A. Dec. 29, 2015), *aff'g* No. A200 172 505 (Immig. Ct. N.Y. City May 7, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as supplemented by the BIA, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005), deferring the IJ's adverse credibility determinations unless circumstances make plain that no reasonable fact-finder could have made such a determination, *see Xiu Xia Lin*, 534 F.3d 162, 167 (2d Cir. 2008). "[I]f the agency's reasoning or its fact-finding process was sufficiently flawed," *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008), we will remand unless doing so is futile because we can "confidently predict"

2

that the agency would reach the same result absent any errors, *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).  Errors in the BIA's fact finding and concern regarding the IJ's vagueness determination warrant remand here.

**A. BIA's Fact-Finding**

In affirming the IJ, the BIA mistakenly attributed two "material" omission findings to the IJ.  The IJ relied only on the omission of death threats from Baba's application, whereas the BIA found that Baba also omitted his first escape attempt and injuries sustained after he was captured and returned to his master.  Not only was it improper for the BIA to make the latter finding in the first instance, *see* 8 C.F.R. § 1003.1(d)(3)(iv), but also, the record shows that Baba's application included this information.  Accordingly, remand is warranted.  *See Padmore v. Holder*, 609 F.3d 62, 70 (2d Cir. 2010) ("Because . . . the BIA improperly found facts which it held to be significant and important to its decision . . . remanding to the agency would not be futile." (internal quotation marks omitted)).

**B.  IJ's Finding of Testimonial Vagueness**

The IJ's conclusion that Baba's testimony was too vague

3

to meet his burden of proof raises concern.[1]  Vague testimony may provide an independent basis for denying asylum regardless of credibility, only where the applicant does not identify facts corresponding to each element on which he has the burden of proof.  *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir. 2005); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007).

That is not this case.

Baba proffered facts that he was a slave whose master brutalized and threatened him for attempting to escape slavery.  He also submitted country-conditions evidence indicating that slavery remains a problem in Mauritania and that government efforts to eradicate it have been inadequate.  *See* U.S. Dep't of State, *2013 Country Reports on Human Rights Practices* (2014), *available at* https://www.state.gov/j/drl/rls/hrrpt/2013/af/220136.htm. Where an applicant thus provides the "essential facts" of his claim, specifically, how he was persecuted and by whom,

---

[1] Contrary to the Government's position, Baba challenged the vagueness finding in his brief to the BIA.

4

his otherwise seemingly vague testimony cannot provide an independent basis to deny asylum. *See Jin Chen*, 426 F.3d at 114; *Jin Shui Qiu*, 329 F.3d at 151.

Before vague testimony can support an adverse credibility determination, the agency should first "seek[] to draw out inconsistencies that would support a finding of lack of credibility." *Jin Shui Qiu*, 329 F.3d at 152. Because neither the IJ nor the government's attorney here sought to elicit such detail, that should also be pursued on remand.

We identify no error in the IJ's conclusion that Baba omitted death threats from his application and that his letter from the "Association of Widows and Divorcees Aid Slavery and Enslavement Opposition" undermined his credibility. Nevertheless, given the identified errors, we cannot confidently conclude that remand would be futile.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and this case is REMANDED to the BIA for further explanation or proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5