Mejia Lopez De Velasquez v. Garland

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23ʳᵈ day of November, two thousand twenty-two.

PRESENT:
>
> PIERRE N. LEVAL,
> REENA RAGGI,
> MYRNA PÉREZ,
>        *Circuit Judges.*

_____

Elba L. Mejia Lopez De Velasquez, C.S.V.M.,

      *Petitioners*,

    v.                                                                  No. 19-228

Merrick B. Garland, United States Attorney General

      *Respondent*.

_____

| | |
|---|---|
| **FOR PETITIONERS:** | MIKHAIL USHER, Usher Law Group P.C., Brooklyn, NY. |
| **FOR RESPONDENT:** | Joseph H. Hunt, Assistant Attorney General, Civil Division, Shelley R. Goad, Assistant Director, Office of Immigration Litigation, LISA MORINELLI, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

Petition for review of a December 26, 2018 decision of the Board of Immigration Appeals ("BIA") vacating a July 27, 2017 decision of an Immigration Judge ("IJ") granting Petitioners' application for asylum and protection under the Convention Against Torture ("CAT").

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED in part and DENIED in part**. Accordingly, the decision of the BIA is **VACATED in part**, and the case is **REMANDED** for proceedings consistent with this summary order.

Petitioners, Elba Mejia Lopez de Velasquez and her son, C.S.V.M., natives and citizens of Guatemala, allegedly entered the United States without inspection or valid entry documents. Mejia timely applied for asylum, withholding of removal, and CAT relief, and listed her son as a derivative beneficiary. An IJ granted asylum and, alternatively, CAT relief. *In re Elba L. Mejia Lopez de Velasquez*, *C.S.V.M.*, Nos. A205-415-390, A205-415-391 (Immigr. Ct. N.Y.C. July 27, 2017). The BIA vacated the IJ's decision after concluding, most relevantly, that under the circumstances of this case, threats of harm motivated by her family's perceived wealth do not constitute persecution under the statutory standard for asylum and withholding of removal, and that she had not established the Guatemalan government's acquiescence to her torture. *In re Elba L. Mejia Lopez de Velasquez*, *C.S.V.M.*, Nos. A205-415-390, A205-415-391 (B.I.A. Dec. 26, 2018). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision.

**I.** **Standard of Review**

An agency's factual determinations are reviewed for substantial evidence and questions of law are reviewed de novo. *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014); *see also Padmore*

2

*v. Holder,* 609 F.3d 62, 67 (2d Cir. 2010). This Court may remand where the agency fails to "adequately link its decision to the record evidence in a reasoned opinion that properly applies the law." *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 337 (2d Cir. 2006).

**II.     Discussion**

We deny Mejia's petition to review the BIA's denial of asylum. As to the CAT claim, however, the record raises concerns as to whether the BIA applied the correct legal standards and considered all relevant evidence. Accordingly, we grant review of that claim, and we remand to the agency for further proceedings consistent with this order.

**A.  Asylum**

Mejia testified to believing she was targeted because her family was perceived to be wealthy, and that, in their demands, the individuals threatening her explicitly mentioned her family's wealth. Under our precedent, harm motivated by the perceived wealth of a social group does not establish persecution such as to justify asylum or withholding of removal. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73–74 (2d Cir. 2007) (denying a petition for review where the BIA concluded that nothing indicated that the petitioner was threatened for any reason other than to target the petitioner's wealth). We therefore do not disturb the BIA's denial of asylum.

**B.  CAT Relief[1]**

Remand is required in this case because the BIA did not give consideration to all relevant evidence and principles of law, as those have been detailed by this Court's recent decision in *Scarlett v. Barr*, 957 F.3d 316, 332–36 (2d Cir. 2020).

---

[1] Respondent's argument that Mejia waived the CAT claim because it was insufficiently briefed is unpersuasive. *See* Pets. Br. 21–22; Pets. Reply Br. 14–17. In any event, this Court can overlook such a procedural omission to avoid a manifest injustice. *United States v. Babwah*, 972 F.2d 30, 35 (2d Cir. 1992).

3

CAT prohibits removing an undocumented individual "to a country where [s]he more likely than not would be tortured by, or with the acquiescence of, government officials acting in an official capacity." *Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159 (2d Cir. 2005). Because Mejia did not fear torture at the hands of the Guatemalan authorities, the relevant inquiry is whether government officials have acquiesced in likely third-party torture. To make this determination, the Court considers whether there is evidence that authorities knew of the torture or turned a blind eye to it, and "thereafter" breached their "responsibility to prevent" the possible torture. *Scarlett*, 957 F.3d at 334 (quoting *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004)); *see* 8 C.F.R. § 1208.18(a)(7).

The BIA denied CAT relief based on the conclusion that Mejia had not shown that the person extorting her was a public official or committed the acts at the instigation or with the consent of the Guatemalan authorities. In *Scarlett*, however, we observed that a government's inability to protect a petitioner from torture may demonstrate acquiescence under CAT. 957 F.3d at 336. Here, record evidence raises questions as to the Guatemalan government's inability to protect Mejia, insofar as it indicates that Mejia sought assistance from Guatemalan police and was told that they could not protect her and she should simply hide in her home. Whether or not this evidence demonstrates an inability to protect as discussed in *Scarlett* warrants further consideration, along with a country report documenting the Guatemalan government's failure to protect its citizens from gang violence.

Insofar as the BIA ruled without the benefit of *Scarlett*, a remand is warranted before this Court conducts any review. We therefore remand for the sole purpose of allowing the BIA to decide, after reasoned consideration of the record, whether the Guatemalan police's inability to

4

protect Mejia constituted acquiescence. *See Scarlett*, 957 F.3d at 336 (remanding the CAT claim because the Court could not conclude on the existing record that the BIA "gave reasoned consideration to all relevant evidence and all principles of law applicable to determining government acquiescence"); *Ivanishvili*, 433 F.3d at 341–42 (finding that judicial review is frustrated when an applicant's substantial testimony and documentation are not analyzed or weighed in reaching a conclusion); *see also, e.g.*, *M.A. v. Garland*, No. 19-728, 2021 WL 2878926, at *2 (2d Cir. July 9, 2021) (summary order) (remanding for further consideration because the agency "failed to adequately explain its conclusion that the Honduran government would not acquiesce in Petitioner's feared torture").

For the foregoing reasons, the petition for review is **GRANTED in part and DENIED in part**, the BIA's decision is **VACATED in part**, and the case is **REMANDED** for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5