Kumar v. Garland

BIA
Sponzo, IJ
A208 200 200

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand twenty-three.

PRESENT:
>        WILLIAM J. NARDINI,
>        BETH ROBINSON,
>        ALISON J. NATHAN,
>             *Circuit Judges.*

_____

RAHUL KUMAR, AKA RAHUL,
>        *Petitioner*,

>    v.                                        20-2689
                                               NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Jaspreet Singh, Esq., Jackson Heights, NY.

FOR RESPONDENT:            Brian Boynton, Acting Assistant Attorney General; Matthew B.

George, Senior Litigation Counsel; Patricia E. Bruckner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Rahul Kumar, a native and citizen of India, seeks review of a July 21, 2020, decision of the BIA affirming a September 7, 2018, decision of an Immigration Judge ("IJ") denying Kumar's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rahul Kumar*, No. A208 200 200 (B.I.A. July 21, 2020), *aff'g* No. A208 200 200 (Immig. Ct. N.Y. City Sept. 7, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's opinions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law, including whether the BIA engaged in improper factfinding, de novo. *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014); *Padmore v. Holder*, 609 F.3d 62, 67

2

(2d Cir. 2010). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I. BIA's Factfinding

Kumar testified that the police detained and beat him, and members of the Badal Party assaulted him because he supported the Congress Party. The IJ credited Kumar's testimony in its entirety, but found that Kumar's beating and detention by the police did not rise to the level of persecution, his subsequent assault by Badal Party members did not rise to the level of persecution, and he did not demonstrate that his fear of future harm was objectively reasonable. The BIA affirmed the IJ's decision and relied on additional grounds. We decline to consider those additional grounds because the BIA may not engage in factfinding on appeal: "The Board will not engage in de novo review of findings of fact determined by an immigration judge. Facts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i).

3

Accordingly, we address only the IJ's conclusion that Kumar failed to show past harm rising to the level of persecution and do not consider the BIA's findings that he did not establish a nexus to a protected ground, that the Badal Party members were not state actors, and that the government would not be unable or unwilling to control the Badal Party. We note that the nexus determination—that Kumar was arrested because of suspected involvement with drugs—relies, in part, on a finding that before his arrest he visited a friend who was using drugs; however, that visit appears to have occurred *after* Kumar's arrest.

**II.  Past Persecution**

"The BIA has defined persecution as a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Baba v. Holder*, 569 F.3d 79, 85 (2d Cir. 2009) (quotation marks omitted).  "Where an alien, because of [his] membership in a statutorily protected class, suffers physical abuse and violence at the hands of government agents, . . . such evidence, if credible, may preclude a finding that the conduct is mere harassment that does not as a matter of law rise to the level of persecution, for violent conduct generally goes

4

beyond the mere annoyance and distress that characterize harassment." *Id*. (quotation marks and brackets omitted). Although we have "never held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*," *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011), the agency "must . . . be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground," *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006). The agency also must consider the harm suffered in the aggregate. *See Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005). "[W]e require a certain minimum level of analysis from the IJ and BIA opinions . . . if judicial review is to be meaningful" and "require some indication that the IJ considered material evidence supporting a petitioner's claim." *Id.* at 77.

We remand for the agency to more fully address whether the beatings Kumar suffered rise to the level of past persecution. The agency considered the severity of the harm without making clear findings regarding the reason for

5

Kumar's arrest. The record reflects that Kumar's father received a call that Kumar would be "framed in a drug problem" if he did not leave the Congress Party and join the Badal Party. The police subsequently arrested Kumar at his home, brought him to the police station, held him overnight, and punched, kicked, and beat him with belts on three occasions. During that time the police pressured him to join the Badal Party. The IJ found that the beatings were not persecution because Kumar "did not require medical attention for the cuts and bruises that he sustained." This is a mischaracterization of Kumar's statement that he was afraid to seek medical help, and the IJ did not make clear findings as to whether Kumar was arrested because of his political affiliation. If he was, then even a minor beating may be enough to establish past persecution. *See Baba*, 569 F.3d at 85; *Beskovic*, 467 F.3d at 226.

Kumar further alleged that Badal Party members hit him with their car, then kicked, punched, and threatened to kill him. The IJ found that this incident did not rise to the level of persecution because Kumar stated that he did not require professional medical attention, he suffered no broken bones, and did not require stitches. Again, the IJ relied

6

solely on the level of injury, without considering the context of the assault or addressing this assault in connection with the prior arrest. *See Beskovic*, 467 F.3d at 226; *Poradisova*, 420 F.3d at 79–80.

In sum, we can reach no conclusion as to the ultimate success of Kumar's claim and remand for the agency to further consider his claim and make all necessary findings. Because the burden of proof as to future persecution turns on the agency's conclusion regarding past persecution, we do not reach the agency's finding that Kumar failed to establish a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7