Rodas Rosales v. Barr

BIA
Weisel, IJ
A202 126 402/403

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> *Circuit Judges.**

---

GERSON ELISEO RODAS ROSALES, M.R.G.,
> *Petitioners,*

v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

17-2536 (L);
18-1088 (Con)
NAC

---

* Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable. Circuit Judge Jon O. Newman has replaced Judge Hall on the panel for this matter. *See* 2d Cir. IOP E(b).

**FOR PETITIONERS:**           Andrea Sáenz, Brooklyn Defender
                               Services, Brooklyn, NY.

                               Nancy Morawetz, Jessica Swensen,
                               Supervising Attorneys; Devika M.
                               Balaram; Kevin Siegel, Student
                               Interns, Washington Square Legal
                               Services, Inc., New York, NY.

**FOR RESPONDENT:**            Joseph H. Hunt, Assistant Attorney
                               General; Shelley R. Goad,
                               Assistant Director; Carmel A.
                               Morgan, Trial Attorney, Office of
                               Immigration Litigation, United
                               States Department of Justice,
                               Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Gerson Eliseo Rodas Rosales and M.R.G., natives and citizens of El Salvador, seek review of two BIA decisions: (1) a July 2017, decision affirming a November 2016, decision of an Immigration Judge ("IJ") denying Rodas Rosales's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and (2) a March 2018 decision denying a motion to reopen. *In re Gerson Eliseo Rodas Rosales and M.R.G.,* No. A 202 126 402/403 (B.I.A. July 31, 2017), *aff'g* Nos. A 202 126 402/403 (Immig.

2

Ct. N.Y. City Nov. 16, 2016); *In re Gerson Eliseo Rodas Rosales and M.R.G.,* Nos. A 202 126 402/403 (B.I.A. Mar. 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

## I. Lead Case

Under the circumstances, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's legal conclusions de novo and its factual findings under the substantial evidence standard. *See Y.C. v. Holder*, 741 F.3d 325, 332 (2d Cir. 2013).

### A. Asylum and Withholding of Removal

For asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution. 8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum), 1231(b)(3)(A) (withholding); *see also Matter of C-T-L*, 25 I. & N. Dec. 341, 346 (BIA 2010) (holding that the "one central reason" standard also applies to withholding of removal). To constitute a particular social group, a group must be "(1) composed of

3

members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014); *see also Paloka v. Holder*, 762 F.3d 191, 195–97 (2d Cir. 2014) (deferring to BIA's particular social group requirements). "To be socially distinct, a group . . . must be perceived as a group by society." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 240.

## 1. Security Guards

The agency did not err in determining that Rodas Rosales's proposed social group of security guards was not cognizable. Rodas Rosales has waived any challenge to the agency's social distinction determination by failing to address it in his opening brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

Additionally, the agency reasonably determined that employment as a security guard was not an immutable characteristic. An "immutable characteristic" is one that members of the group "either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Ucelo-Gomez v.*

4

*Mukasey*, 509 F.3d 70, 72–73 (2d Cir. 2007) (internal quotation marks omitted).  The BIA has held that employment generally is not an immutable characteristic and that "the internationally accepted concept of a refugee simply does not guarantee an individual a right to work in the job of his choice."  *Matter of Acosta*, 19 I. & N. Dec. 211, 234 (BIA 1985), *overruled in part on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987).  Rodas Rosales does not explain why his employment as a security guard is a characteristic that he "cannot . . . or should not be required to change."  *Ucelo-Gomez*, 509 F.3d at 73. Accordingly, the agency did not err in determining that Rodas Rosales's proposed social group of security guards was not cognizable and thus that his past harm was not persecution on account of a protected ground as required for asylum and withholding of removal.  *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 237.  Because the lack of a cognizable social group is dispositive of this claim of past harm, we do not reach whether Rodas Rosales's status as a security guard was "one central reason" for the harm he suffered.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts

5

and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

## 2. Former Security Guards

Rodas Rosales argues that the IJ overlooked his proposed social group of *former* security guards and that the BIA then engaged in impermissible factfinding by addressing this claim on appeal. We find no error. The BIA reviews an IJ's factual findings for clear error and reviews de novo "questions of law, discretion, and judgment and all other issues in appeals from [IJ] decisions." 8 C.F.R. § 1003.1(d)(3)(i), (ii). "Except for taking administrative notice of commonly known facts . . . or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals." 8 C.F.R. § 1003.1(d)(3)(iv).

Although the BIA may not make findings of fact in the first instance, the BIA was permitted to evaluate the record to determine whether the IJ overlooked a viable claim. *See Padmore v. Holder*, 609 F.3d 62, 67 (2d Cir. 2010) ("[I]f incomplete findings of fact are entered by an IJ and the BIA cannot affirm . . . on the basis that he or she decided the case and if the dispositive issue is [not] sufficiently clear,

6

[the] BIA has said it will remand to the IJ for further fact-finding." (internal quotation marks omitted); *see* 8 C.F.R. § 1003.1(d)(3)(iv) ("A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand.  If further factfinding is needed in a particular case, the Board may remand the proceeding to the [IJ] . . . .").  The BIA reasonably determined that there was not a sufficient basis for remand for factfinding on a proposed social group of former security guards.

In closing, Rodas Rosales's counsel stated that Rodas Rosales would face persecution based on his former employment as a security guard.  But the statements of counsel are not evidence.  *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984).  Rodas Rosales did not testify that gang members would harm him in the future because he was a former security guard and his testimony reflects that gangs target security guards because of their current employment, i.e., for their weapons, because they are protecting a place that gangs want to enter, or because they interfere with the gangs' extortion activities.  And there was no country conditions evidence regarding the targeting of former security guards or

7

that Salvadoran society perceives former security guards as a group. Accordingly, the BIA did not err in declining to remand. *See* 8 C.F.R. § 1003.1(d)(3)(iv).

**B. CAT**

An applicant for CAT relief has the burden to show that "it is more likely than not" that he will be tortured, but he need not show any connection to a protected ground. *See* 8 C.F.R. § 1208.16(c)(2); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). To constitute torture under the CAT, the likely harm must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id*. § 1208.18(a)(7). Cognizable acquiescence "requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam*, 361 F.3d at 171.

The agency did not err in concluding that Rodas Rosales failed to show that Salvadoran authorities would more likely than not acquiesce to his torture by gang members. Because Rodas Rosales did not report any threats to the police, he could not establish that the Salvadoran police knew about or were willfully blind to the gang members' specific threats. He asserted that he heard about the police informing the gangs when people made complaints. He did not have specific examples or explain how he learned this information; therefore, although the agency found him credible, it was not required to accept his conclusions regarding country conditions. Although there is country conditions evidence of police corruption and collusion between some police officers and gang members, Rodas Rosales did not establish widespread corruption of the police forces by gang members or that the police would acquiesce specifically to harm that he might suffer. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (holding that an applicant for CAT relief must show a likelihood of torture in "his particular alleged circumstances"). And he did not provide evidence as to what steps the police would take if he reported threats from gang

9

members. Accordingly, given the limited evidence of collusion between gang members and the police and the lack of particularized evidence that government officials would acquiesce to his torture, the evidence does not compel a finding that Rodas Rosales will more likely than not be tortured by gangs with the acquiescence of the Salvadoran authorities. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

Additionally, although the IJ's reliance on *Matter of S-V-* was misplaced because torture by entities a government is unable to control may be sufficient to state a CAT claim where there is evidence that the harm is likely to occur and the government is or should be aware of that likely harm, *see Khouzam,* 361 F.3d at 171, remand would be futile because Rodas Rosales presented minimal evidence of torture in his particular circumstance or that that the government would remain willfully blind to his torture by gang members. *See Mu-Xing Wang*, 320 F.3d at 144.

## II.  Consolidated Case – Motion to Reopen

We review the BIA's denial of a motion to reopen for abuse of discretion but review factual findings regarding country conditions for substantial evidence.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).  "[A] motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."  8 U.S.C. § 1229a(c)(7)(B); *see* 8 C.F.R. § 1003.2(c)(1).  "A motion to reopen proceedings shall not be granted unless . . . evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.2(c)(1); *see also INS v. Abudu*, 485 U.S. 94, 104 (1988).

The BIA did not abuse its discretion by denying Rodas Rosales's motion to reopen.  First, an expert opinion could have been obtained and presented at the merits hearing. Although the expert cites killings of security guards in 2017, the expert does not explain how this is a significant change from 2016 and noted that infiltration of gangs into the police

11

and information sharing between gangs and the police "continued unabated in 2017." *See* 8 C.F.R. § 1003.2(c)(1).

Second, although Rodas Rosales presented news articles and reports that postdated his hearing before the IJ, the evidence was cumulative of or reinforced country conditions evidence already in the record. For example, before the IJ, Rodas Rosales submitted evidence that 60 private security guards were killed in 2016 and that 90 employees of private security guards were killed in 2015. Thus, the BIA reasonably determined that evidence of more killings of security guards in 2017 was not new or material evidence as required for remand. Relatedly, the BIA did not apply an incorrect standard for reopening. *See Jian Hui Shao*, 546 F.3d at 168 (requiring a movant to, "show a realistic chance that []he will be able to obtain . . . relief" and requiring "alien to carry the heavy burden of demonstrating that the proffered new evidence would likely alter the result in h[is] case." (internal quotation marks and citations omitted)).

Moreover, Rodas Rosales did not demonstrate a realistic chance that he would be eligible for relief because his new evidence did not remedy the defects in his claim: working as

12

a security guard is not an immutable characteristic and his evidence did not reflect that gangs target former security guards. The BIA was not required to provide further explanation regarding specific pieces of evidence. *See id.* at 169 ("[W]e do not demand that the BIA expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." (internal quotation marks omitted)); *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) ("While the BIA must consider such evidence, it may do so in summary fashion without a reviewing court presuming that it has abused its discretion.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

13